UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIA ANDERSON,

*Plaintiff*,

-against-

COUNTY OF WESTCHESTER, *et al.*,

*Defendants*.

---

25-CV-8507 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Julia Anderson ("Plaintiff"), proceeding pro se, brings this Action against Westchester County Assistant District Attorney ("ADA") Edward J. Murphy Jr. ("Murphy"), ADA John O'Rourke ("O'Rourke"), and seven John Doe ADAs ("ADA Does #1–7"); Cold Case Division Criminal Investigator ("CI") James Menton ("Menton") and CI John Doe ("CI Doe"); three John Doe Westchester County Judges ("Judge Does #1–3"); a John Doe officer at the White Plains City Court ("Officer Doe"); court-appointed criminal defense attorneys Dave Israel Channing ("Channing"), David J. Ortiz ("Ortiz"), and Michale Tawil ("Tawil"); and Westchester County, the Westchester County Office Building, and the Westchester County District Attorney's Office, (collectively, "Defendants").  (*See* Compl. (Dkt. No. 1); Ex. 1 at 1–3 (Dkt. No. 1-1).) The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983 ("Section 1983") for false arrest, malicious prosecution, and various state law violations.  (*See* Compl. 5; Ex. 1 at 3–11.)  By Order dated April 2, 2026, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.  (*See* Order (Dkt. No. 11).)

As set forth below, the Court: (1) dismisses Plaintiff's conspiracy claims; (2) dismisses Plaintiff's claims against the Westchester County District Attorney's Office, the Westchester County Office Building, Channing, Ortiz, Tawil, Judge Does #1–3, and ADA Does #1–7; (3)

orders service on Murphy, O'Rourke, Menton, and Westchester County; and (4) orders the Westchester County District Attorney's Office to ascertain the identity and service address of Officer Doe and the CI Doe who accompanied Menton to Plaintiff's home on April 29, 2025.

### I.  Standard of Review

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks, citations, and emphasis omitted). But the "special solicitude" courts must afford pro se plaintiffs, *id*. at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8.

### II.  Discussion

#### A.  Dismissal of Defendants

For the reasons set forth below, the Court dismisses Plaintiff's claims against Judge Does #1–3, ADA Does #1–7, Channing, Ortiz, Tawil, the Westchester County District Attorney's Office, and the Westchester County Office Building.

1. Judge Does #1–3

Judges are absolutely immune from suit for damages for actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Without insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature[,]" *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009), and "[e]ven allegations of bad faith or malice cannot overcome judicial immunity[,]" *id.* (citations omitted). Judicial immunity does not apply when a judge takes action "outside" his judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9–10; *see also Bliven,* 579 F.3d at 209–10 (describing actions that are judicial in nature). However, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Does #1–3 acted beyond the scope of their judicial responsibilities or outside their jurisdiction as required to challenge a judge's official actions. *Mireles*, 502 U.S. at 11–12. Because Plaintiff sues Judge Does #1–3 for "acts arising out of, or related to, individual cases before them," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Does #1–3 because Plaintiff seeks monetary relief from these defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). Consequently, these claims are frivolous, and therefore properly dismissible. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

3

2.  ADA Does #1–7

Similarly, prosecutors are immune from suits for damages based on acts within the scope of their official duties where the challenged actions are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quotation marks omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (noting that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (quotation marks and citations omitted)).  Additionally, prosecutors are absolutely immune from suit for administrative actions that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70–72 (2d Cir. 2019) (holding that the prosecutors' instructions as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, so the prosecutors were shielded by absolute immunity).

Here, Plaintiff's claims against ADA Does #1–7 and some of her claims against O'Rourke and Murphy are based on actions taken within the scope of their official duties and associated with the pre-trial judicial process.  (*See* Ex. 1 at 4–8 (describing ADA Does #1–7, O'Rourke, and Murphy's conduct).)  The Court must dismiss these claims because they seek monetary relief from individuals who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(iii).  Consequently, these claims frivolous, and must be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i); *see also Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a

claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").[1]

    3.  Municipal Defendants

    Lastly, Plaintiff's claims against the Westchester County District Attorney's Office and Westchester County Office Building must be dismissed because neither qualifies as a "person" acting under color of law, as required for Section 1983 liability.  *See Griffith v. Harvey*, No. 24-CV-2714, 2024 WL 2158594, at *1 (S.D.N.Y. May 14, 2024) (dismissing the plaintiff's Section 1983 claim against "the George R. Vierno Center . . . on Rikers Island[,]" because it is "a building facility, . . . not a person acting under color of law for the purposes of Section 1983."); *Kirkland v. Difiore*, No. 20-CV-8972, 2021 WL 517205, at *3 n.3 (S.D.N.Y. Feb. 9, 2021) (noting that the Westchester County "District Attorney's Office is not a 'person' for purposes of [Section] 1983, and thus, cannot be a proper defendant in [the plaintiff's Section 1983] action." (citation omitted)); *accord Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (explaining that the Eleventh Amendment bars suits against states that seek damages for alleged deprivation of civil liberties unless a state waives or Congress abrogates a states' sovereign immunity); *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (holding that to state a claim under Section 1983, the plaintiff must allege the violation of a constitutional right or federal law by a person acting under color of state law or a "state actor").

    However, in light of the liberal nature with which the Court must construe a pro se plaintiff's pleadings, the Court replaces Westchester County, the parent-entity of both the

---

[1] At this stage, the Court will allow Plaintiff's claims to proceed against Murphy and O'Rourke to the extent they arise from what are arguably investigative activities. (*See* Ex. 1 at 6 (claiming that Murphy and O'Rourke approved Plaintiff's allegedly unlawful arrest).)

Westchester County District Attorney's Office and the Westchester County Office Building, in the claims which Plaintiff alleges against these entities and dismisses both the Westchester County District Attorney's Office and the Westchester County Office Building from this Action.

    4.  Channing, Ortiz, and Tawil

To state a claim for relief under Section 1983, a plaintiff must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage[,]" 42 U.S.C. § 1983, so private parties are generally not liable under the statute, *see Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("A private actor may be liable under [Section] 1983 only if there is a sufficiently 'close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself.'" (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").  Absent special circumstances suggesting concerted action between an attorney and a state representative, the representation of a defendant by counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a Section 1983 claim, regardless of whether the attorney is privately retained, court-appointed, or employed as a public defender.  *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization is ordinarily not a state actor for purposes of Section 1983); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (dismissing the plaintiff's Section 1983 claim based on an ineffective assistance of counsel argument because court-appointed attorneys do not act under color of state law as required for a Section 1983 claim); *accord Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under

Section 1983); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant do not act 'under color of state law' and therefore are not subject to suit under [Section] 1983.").

Because Channing, Ortiz, and Tawil are private individuals who are not alleged to work for any state or other government body, Plaintiff has not stated a Section 1983 claim against them. As such, the Court dismisses Plaintiff's claims against Channing, Ortiz, and Tawil for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  Plaintiff's Conspiracy Claim

Plaintiff alleges that Defendants "acted in concert" to violate her rights, (Ex. 1 at 4), which the Court interprets as allegation of a conspiracy. To state a claim for conspiracy under Section 1983, a plaintiff must allege facts showing the existence of "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported allegations of a conspiracy are insufficient to state a claim upon which relief can be granted. *See, e.g.*, *Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir. 2003) (holding that a plaintiff "must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end"); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (affirming the dismissal of conspiracy claims where the plaintiff's allegations of a conspiracy were "unsupported, speculative, and conclusory"). Moreover, a conspiracy claim under Section 1983 requires a plaintiff to state an underlying violation of constitutional rights. *See Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 626 (S.D.N.Y. 2015)

("Because [the p]laintiffs' substantive constitutional claims fail, their [Section] 1983 conspiracy claim must also be dismissed."); *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying [S]ection 1983 causes of action can be established, the claim for conspiracy also fails.").

As currently pled, Plaintiff's conspiracy allegations are vague and unsupported by specific facts indicating that Defendants acted in concert to violate her federally protected rights. (*See generally* Compl.; Ex. 1.)  However, in light of the liberal construction which the Court must give a pro se plaintiff's pleadings, the Court orders Plaintiff to explain, by no later than June 11, 2026, why her conspiracy claim should not be dismissed for being too vague to state a claim on which relief may be granted.

D.  Orders of Service

    1.  Named Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service (the "Marshals") to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals to serve the defendant if the plaintiff is authorized to proceed IFP).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served these papers until the Court reviewed her Complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date on which the summonses are issued.

To allow Plaintiff to effect service on Murphy, O'Rourke, Menton, and Westchester County[3], the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form"), issue summonses for these Defendants, and deliver to the Marshals Service all the paperwork necessary for them to effect service upon these Defendants.

If the service is not effected within 90 days after the date the summonses are issued, Plaintiff must request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).  Additionally, Plaintiff must notify the Court in writing if her address changes.  Failure to do so may result in the dismissal of this Action.

2.  CI Doe and Officer Doe

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In her Complaint, Plaintiff supplies sufficient information to permit the Westchester County District Attorney's Office to identify the CI Doe who went to Plaintiff's home with Menton on April 29, 2025, and the Doe Officer who was present when Mention and CI Doe questioned Plaintiff later that day.  (*See* Ex. 1 at 5 (describing the events of Apr. 29, 2025).)  It is therefore ordered that the Westchester County Attorney's Office, which is the attorney for and agent of the Westchester County District Attorney's Office, ascertain the identity and badge numbers of CI Doe and Officer Doe and the

---

[3] As explained supra Section I.A.3, municipalities and their agents are immune from liability for violations of federal law except for claims challenging an established policy or custom.  However, Plaintiff may still be able to assert pendent state law claims against Westchester County, so the Court declines to dismiss Westchester County from the Action at this time.

9

addresses where they may be served.  The Westchester County Attorney must provide this information to Plaintiff and the Court within 30 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming CI Doe and Doe Officer as defendants.  The amended complaint will replace, not supplement, Plaintiff's original Complaint.

### III.  Conclusion

In sum, the Court dismisses: (1) Plaintiff's claims against Channing, Ortiz, and Tawil for failure to state a claim on which relief may be granted; and (2) Plaintiff's claims against ADA Does #1–7, Judge Does #1–3, O'Rourke, and Murphy, to the extent set forth in this Order, on immunity grounds.  28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).  The Court also substitutes Westchester County in place of the Westchester County District Attorney's Office and the Westchester County Office Building and dismisses these entities from this Action.  Additionally, Plaintiff is ordered to show cause, by no later than June 11, 2026, as to why her Section 1983 conspiracy claim should not be dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to issue summonses for Murphy, O'Rourke, Menton, and Westchester County, complete the USM-285 form with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is also directed to mail a copy of this Order to Plaintiff along with an information package.

SO ORDERED.

Dated:    May 11, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

10

**Service Addresses**

1.      ADA Edward J. Murphy Jr.
        Westchester County District Attorney's Office
        111 Dr. Martin Luther King Blvd., 4th Floor
        White Plains, N.Y. 10601

2.      ADA John O'Rourke
        Westchester County District Attorney's Office
        111 Dr. Martin Luther King Blvd., 4th Floor
        White Plains, N.Y. 10601

3.      Criminal Investigator James Menton, Badge #516
        Westchester County District Attorneys Office
        111 Dr. Martin Luther King Blvd., 4th Floor
        White Plains, N.Y. 10601

4.      Westchester County
        Westchester County Attorney's Office
        148 Martine Avenue
        White Plains, N.Y. 10601.