UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA ANDERSON,

*Plaintiff*,

-against-

COUNTY OF WESTCHESTER, *et al.*,

*Defendants*.

25-CV-8507 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On August 3, 2026, Defendants John O'Rourke, Edward J. Murphy, and the County of Westchester ("County Defendants") informed the Court that Plaintiff Julia Anderson ("Plaintiff"), who was proceeding pro se, passed away on or about July 13, 2026. (*See* Letter from Irma Cosgriff, Esq. to Court (Aug. 3, 2026) (Dkt. No. 22).) By no later than August 13, 2026, County Defendants are hereby ORDERED, in accordance with Federal Rule of Civil Procedure 25(a)(1) ("Rule 25(a)(1)"), to mail a Statement of Death and a copy of this Order to Plaintiff's last known address and file proof of such service with the Court. *See, e.g., Yates v. Smith*, No. 19-CV-1227, 2019 WL 4508929, at *1 (N.D.N.Y. Sept. 19, 2019) (explaining the process of notifying a decedent plaintiff's successors or representatives of the existence of an action).

In accordance with Rule 25(a)(1), a motion for substitution of the proper party must be filed within 90 days of service of the Statement of Death "by a party or by [Plaintiff]'s successor or representative." Fed. R. Civ. P. 25(a)(1).[1] In the absence of such a motion, the case "must be dismissed[,]" *id.*, and the Court will do so without further notice to the Parties.

[1] The Court notes that any success or representative who appears on behalf of Plaintiff may, depending on the circumstances, be required to appear through counsel in order to proceed.

Seeing no reason to keep the case open pending the potential substitution of parties, the Court respectfully directs the Clerk of Court to administratively close the case. If a motion to substitute pursuant to Rule 25(a)(1) is timely filed, the Court will reopen the Action and set a new deadline for the County Defendants' Answer. If no motion to substitute is filed by the deadline set forth in Rule 25(a)(1), then the case will be dismissed.

SO ORDERED.

DATED: August 5, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

*Contrast Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) (holding that "the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate" (emphasis omitted)) *with Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant." (emphasis omitted)).